[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR LEAVE TO SUBMIT ADDITIONAL EVIDENCE
The plaintiff, Martha Ross on behalf of her minor child, Richard Eugene Ross, appeals a final decision of the defendant, Commission of the Department of Social Services, upholding the denial of Medicaid coverage by Anthem/Blue Cross Blue Shield ("Anthem/Blue") of Connecticut for four chiropractic visits by Richard Ross from September 1999 through December 1999. The plaintiff's appeal is authorized by General Statutes §§17b-61(b) and 4-183 of the Uniform Administrative Procedure Act ("UAPA"). CT Page 13436-a
DSS administers Connecticut's medicaid program. Anthem Blue is a medicaid managed care organizatiori pursuant to a contract with DSS. See General Statutes §§ 17b-2(8); 17b-261, 17b-289 et seq. Richard Ross is a medicaid recipient and member of Anthem/Blue's Blue Care Family Plan under the medicaid program. Richard Ross participates in this medical plan under Part A, the HUSKY program.
Richard Ross suffers from dislocations of various vertebrae and sought chiropractic treatment for this condition. On September 9, 1999, the plaintiff was informed that her son was denied coverage by Anthem/Blue for four office visits to a chiropractor in September 1999 through December 1999. The plaintiff's son had previously received such coverage.
On October 4, 1999, the plaintiff requested a hearing before DSS regarding this denial. The hearing was held on January 24, 2000, and at the hearing, the issue arose as to the medical necessity of such treatments. On February 17, 2000, the hearing officer upheld the denial of coverage by Anthem/Blue. An administrative appeal was subsequently brought by the plaintiff challenging DSS' final decision.
Presently before the court is a motion for leave to submit additional evidence by the plaintiff filed on July 6, 2000. DSS filed a memorandum in opposition on August 23, 2000. The court heard oral argument on the plaintiff's motion on August 28, 2000 and requested the plaintiff to file a memorandum in support of its motion. DSS was also afforded an opportunity to file an additional brief. The parties ha now filed these additional briefs.
Pursuant to General Statutes § 4-183(h), the plaintiff seeks to submit as evidence to this court a letter from Anthem/Blue dated June 28, 2000, approving subsequent chiropractic visits for the plaintiff's son or in the alternative, to send the letter back to the agency with a direction to add the letter into evidence or to hold a brief hearing on its admission to the record.
Additions to the administrative record are narrowly permitted under subsection (h) of General Statutes § 4-183[1]. That subsection provides: "If, before the date set for hearing on. the merits of an appeal, application is made to the Court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present in the proceeding before the agency, the court may order the additional evidence be taken before the agency upon conditions CT Page 13436-b determined by the court."
The plaintiff has not shown to the satisfaction of the court that the June 28, 2000 letter is material. The plaintiff has not establish a connection between the reversal of coverage determination for the Spring 2000 chiropractic visits in the June 28, 2000 letter and the denial of coverage by Anthem/Blue for the Fall 1999 chiropractic visits. In addition, the letter does not indicate that the patient was experiencing recurring dislocations in the Spring of 2000. It is impossible to tell from the proposed letter what information Anthem/Blue considered in coming to its Spring 2000 coverage determination. The proposed letter sheds no light on any of the issues involved in this appeal.
Therefore, the motion to supplement the record is denied. Hellyar v.Commissioner, Superior Court, judicial district of New Britain, Docket No. 497017 (December 22, 1999, Hartmere, J.).
Henry S. Cohn, Judge